UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK R. ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-779** |
| **UNNAMED RESPONDENT** | **SECTION "S"(1)** |

## REPORT AND RECOMMENDATION

On January 19, 2019, petitioner, Frederick R. Ross, sent a letter to the Clerk of the United States District Court for the Western District of Louisiana which was construed as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Rec. Doc. 1. Because the letter referenced petitioner's conviction from the Louisiana Twenty-Fourth Judicial District Court for Jefferson Parish, the matter was subsequently transferred to this Court. Rec. Doc. 2.

On February 1, 2019, the Clerk of this Court notified petitioner that, in order to proceed with a habeas application, he must either pay the required filing fee or submit an application to proceed *in forma pauperis*. Rec. Doc. 4. There was no response.

On March 7, 2019, the undersigned then issued an order directing that, on or before March 28, 2019, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*. He was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. Rec. Doc. 5. In response, petitioner sent a letter explaining that he understood that his federal petition would be dismissed and stating that he intended to file a new application "at a later date." Rec. Doc. 6.

In light of the fact that petitioner failed to pay the filing fee or submit an application to proceed *in forma pauperis* in connection with the instant pleading, it was not properly filed. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It should

therefore be dismissed.  See, e.g., Searls v. Cain, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).  However, such dismissal should be without prejudice so as to afford petitioner an opportunity to file a new habeas corpus application in the future.  That said, petitioner is expressly advised that any new application must be filed within the applicable statute of limitations, see 28 U.S.C. § 2244(d), and that any claims asserted therein must be fully exhausted in the state courts, see 28 U.S.C. § 2254(b)-(c).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Frederick R. Ross be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this eighth day of April, 2019.

*Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.